UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DUSTIN LAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:15CV00752 AGF |
| ) | |
| CACH, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This action, brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., is before the Court on Defendant CACH, LLC's ("CACH") motion for judgment on the pleadings. For the reasons set forth below, the motion shall be granted.

## BACKGROUND

It is undisputed that CACH is a "debt collector" as that term is defined by the FDCPA. Plaintiff alleges that CACH has a "pattern and practice" of filing lawsuits for the recovery of debts it acquires from creditors in batches of 1,000 or more accounts at a time, without having evidence, or the ability to obtain evidence, of the original loan agreement or of the chain of ownership of the debt. According to the complaint, the purpose of filing these lawsuits is to get default judgments, which CACH does in "the vast majority of cases," allowing CACH to proceed to post-judgment collection regardless of whether it could have proved its case in disputed litigation. Also, according

to the complaint, CACH regularly dismisses these actions if the debtor contests them.

The allegations specific to Plaintiff are that in accordance with this practice, CACH filed an action against Plaintiff in state court on March 14, 2014, to collect a $5,182.21 credit card debt allegedly owed by Plaintiff to CACH as the assignee of the debt by Bank of America, N.A., the original creditor. The state court petition and an "Affidavit of Claim" that was attached thereto were filed with Plaintiff's complaint. The petition alleged that CACH was the holder of an assignment of the debt, and that Plaintiff breached his credit agreement with Bank of America by not making payment on the outstanding sum of $5,182.21. CACH sought damages in the amount of the debt, plus interest "as provided by law," and costs incurred in bringing the lawsuit.

The "Affidavit of Claim," dated January 14, 2014, was signed by Peter Huber, who identified himself as "the authorized agent and a custodian of record of CACH, LLC." Huber attested, in part, as follows:

> I have reviewed the books and records of [CACH] and am familiar with the account of [Plaintiff]. [CACH]'s books and records contain account records and information of the account referenced below provided to [CACH] by the Original Creditor referenced below or its assignee. The records are kept in the ordinary course of regularly conducted business activity and are made either by a person having personal knowledge of the information contained therein or based on information conveyed by a person having personal knowledge of the information contained therein, and I know from my experience in reviewing such records and from common knowledge of how Credit Cards work that those records are made and maintained by individuals who have a business duty to make entries in the records accurately at or near the time of the event that they record.

(Doc. No. 4-1 at 3.) The affidavit stated that exhibits attached to the state court petition and/or affidavit reflected Plaintiff's obligation to pay the account, but apparently no
- 2 -

exhibits were attached to either document.

Plaintiff alleges in the present action that on April 1, 2014, CACH was served in the state collection lawsuit with a discovery request seeking copies of various documents supporting CACH's allegations, including the documents referenced in the affidavit, but CACH did not timely respond, and prior to trial, dismissed the collection suit without prejudice. He alleges that the Affidavit of Claim was based "entirely on hearsay, deceptively designed to appear to be based on personal knowledge." He also alleges that "no valid assignment of [Plaintiff's] account to [CACH] exists," and that the $5,182.21 sum sought by CACH in the collection suit includes interest above the allowable statutory rate of nine percent. (Doc. No. 4 at 6, 8.)

Plaintiff claims that CACH violated numerous sections of the FDCPA by its litigation conduct in the collection suit. Specifically, Plaintiff claims that CACH (1) violated § 1692e of the FDCPA by falsely representing in the collection suit that a valid assignment of Plaintiff's account to CACH existed, by not obtaining during the course of the litigation of that suit the documentation needed to prove its case, and by providing an affidavit which was misleading and deceptive in that it was intended to convince Plaintiff that CACH would prevail in the collection suit; (2) violated §§ 1692e(2)(A), 1692f, and 1692f(1) by falsely representing that CACH had a valid assignment of the debt, by seeking to recover interest thereon above the allowable rate as a result of "treating the sum as principal," and/or by representing that the debt was collectible even though the applicable five-year statute of limitations had run; and (3) violated numerous sections of the FDCPA by filing the collection suit "without the means of ever being able to obtain

sufficient proof" of its claim. Plaintiff seeks statutory damages in the amount of $1,000 and attorney's fees, as provided for by § 1692k.

CACH attached two exhibits to its amended answer, filed herein: (1) 48 pages of account statements from the Bank of America to Plaintiff, showing an unpaid balance as of November 3, 2011, of $5,182.21 (Doc. No. 15-1); and (2) a Bill of Sale and Assignment of Loans, including Plaintiff's debt of $5,182.21, from Bank of America's successor in interest to CACH (Doc. No. 15-2).

## **ARGUMENTS OF THE PARTIES**

In support of its motion for judgment on the pleadings, CACH argues that, as a matter of law, its challenged litigation conduct in the collection suit, namely, filing and voluntary dismissing the suit before trial, did not violate any of the sections of FDCPA Plaintiff cites. CACH relies on a recent decision from this District, *Delisi v. Midland Funding, LLC*, No. 4:14CV02125 RWS, 2015 WL 4393901 (E.D. Mo. July 16, 2015), in which the court dismissed, for failure to state a claim, FDCPA claims very similar to Plaintiff's.

CACH asserts that it did not make any misstatements of fact in the collection suit, as established by the above-described exhibits to its amended answer, exhibits that also establish that Plaintiff's statute of limitations and "treating the sum as interest" allegations are without any merit.

In response, Plaintiff asserts that

> nearly all of [CACH's] exhibits attached to its motion were first given to Plaintiff either with this motion or on the onset of Plaintiff's current FDCPA case. No documents were produced in the underlying lawsuit,

- 4 -

>       even after extensive effort on Plaintiff's part to get [CACH] to produce
>       them. For the first time Plaintiff is able to review documents related to
>       Plaintiff's claims. These new documents may raise additional or amended
>       claims by Plaintiff.

(Doc. No. 18 at 1.)

Plaintiff argues that *Delisi* and his case are "based on very different fact patterns," pointing to the lack, in this case, of CACH's response to discovery requests in the collection suit and the timing of the dismissal of that suit. In a footnote in his response, Plaintiff offers the following litigation history of the collection suit:

> CACH filed the petition on March 14, 2014. On April 2, 2014 [Plaintiff], through counsel, sent discovery requests to CACH's attorney. Responses were due on or about May 2, 2014. On July 3, 2014 [Plaintiff's] attorneys sent a letter asking for CACH to respond to the discovery requests. After no response again from CACH, on August 28, 2014 [Plaintiff's] attorneys filed a Motion to Compel Responses to Discovery and Motion for Sanctions. The motion was granted on September 10, 2014, giving CACH 30 days to respond. CACH failed to respond and a motion for Sanctions was filed on October 27, 2014. A hearing was set for November 12, 2014. On November 12, 2014 CACH finally dismissed their case instead of going through with the hearing.

(Doc. No. 18 at 4 n.2.)

Plaintiff further argues that he has stated sufficient facts to state a claim under §§ 1692e-f arising out of CACH's false and misleading representations in the affidavit it attached to the collection suit, in that the "affiant did not, in fact, possess personal knowledge despite CACH's attestations to the contrary."

## **DISCUSSION**

In considering a motion for judgment on the pleadings, a court employs the same standard as that used to evaluate a motion to dismiss for failure to state a claim under

Rule 12(b)(6). *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The court

> must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. The Complaint's factual allegations must be sufficient to raise a right to relief above the speculative level, however, and the motion to dismiss must be granted if the Complaint does not contain enough facts to state a claim to relief that is plausible on its face. Furthermore, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

*Murphy v. Resurgent Capital Servs., L.P.*, No. 4:15CV506 JCH, 2015 WL 5124171, at *1 (E.D. Mo. Sept. 1, 2015) (citations omitted). When considering a motion for judgment on the pleadings, a court may consider materials outside the pleadings that are attached to the complaint and/or answer that are "embraced by the pleadings." *See, e.g., Surinta v. Credit Control Servs., Inc.*, No. 13-CV-00817 MJD/JJG, 2014 WL 538675, at *2 (D. Minn. Feb. 11, 2014) ("In this case, exhibits attached to the Complaint and Answer are necessarily embraced by the pleadings."). Here the exhibits attached to CACH's amended answer are properly before the Court, as they are embraced by the complaint and answer and their authenticity has not been challenged.

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, . . . and debt collectors are liable for failure to comply with any provision of the Act." *Dunham v. Portfolio Recovery Assocs., LLC*, 663 F.3d 997, 1000 (8th Cir. 2011) (citation omitted). Section 1692d of the Act prohibits any collection practice "the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the

collection of any debt" including, "[t]he false representation of the character, amount, or legal status of any debt," "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and "[t]he use of any false representation or deceptive means to collect" a debt. *Id.* §§ 1692e(2), (5), (10). And § 1692f prohibits a debt collector from employing any "use unfair or unconscionable means to collect or attempt to collect any debt," with § 1692f(1) specifically proscribing a debt collector's attempt to collect a debt unless it "is expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f.

The FDCPA is liberally construed to protect consumers. *Istre v. Miramed Revenue Grp., LLC*, No. 4:14CV1380 DDN, 2014 WL 4988201, at *2 (E.D. Mo. Oct. 7, 2014). The Act's prohibitions apply to collection efforts through litigation, but at the same time, the Act seeks to preserve the judicial remedies of creditors. *Hemmingsen v. Messerli & Kramer, P.A.,* 674 F.3d 814, 818 (8th Cir. 2012). The Eighth Circuit applies the "unsophisticated consumer" test in evaluating whether a debt collector's practices are false, misleading, or deceptive. *See Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000). The test "is designed to protect consumers of below average sophistication or intelligence," but it also contains an "objective element of reasonableness." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (citation omitted). The determination of whether a plaintiff states a claim under the FDCPA based on litigation conduct is best decided on a case-by-case basis. *Hemmingsen*, 674 F.3d at 819.

In *Hemmingsen*, a consumer sued a law firm, hired as a debt collector by a credit card issuer, claiming that the firm had violated §§ 1692d, 1692e, 1692e(10), and 1692f of

- 7 -

the FDCPA, by purportedly making false statements in a memorandum filed in a state court collection suit to support the card issuer's unsuccessful motion for summary judgment. The Eighth Circuit held that that the fact that the state court judge rejected the creditor's contentions in the debt collector's summary judgment motion did not create a claim under any of the sections of the FDCPA relied on by the plaintiff. *Id*. at 819. The Court explained that "[t]he rule . . . that a debt collector's fact allegations are false and misleading [or unfair] for purposes of the [FDCPA] when rejected as not adequately supported in the collection suit—would be contrary to the FDCPA's 'apparent objective of preserving creditors' judicial remedies.'" *Id*. (quoting *Heintz v. Jenkins*, 514 U.S. 291, 296 (1935)).

By contrast, the Eighth Circuit opined as follows:

> [A] § 1692e complaint alleging that the defendant debt collector lawyer routinely files collection complaints containing intentionally false assertions of the amount owed, serves the complaints on unrepresented consumers, and then dismisses any complaint that is not defaulted would raise far different issues of abusive, deceptive, or unfair means of debt collection than this case.

*Id*. at 818. The record before the Court in the present action establishes that the action does not involve a debt collector that filed a collection action "containing intentionally false assertions of the amount owed." Contrary to the allegations in the complaint in the present case, it appears that there was an assignment of Plaintiff's account to CACH exists, and that the last transaction on the Bank of America account was not more than five years prior to the date CACH filed the collection suit.

With respect to Plaintiff's overarching claim challenging CACH's litigation strategy of filing a collection action hoping for a default judgment, the Court believes that *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir. 2006), is instructive. In *Harvey*, the plaintiff alleged that the defendants violated the FDCPA by filing a collection suit without having on hand at the time of filing the means to prove the complaint. *Id.* at 327-28. The Sixth Circuit held that the filing of a collection suit without having the immediate means of proving the debt did not constitute a deceptive practice under FDCPA. *Id.* at 332. Here, Plaintiff cannot claim that CACH could not obtain evidence with which to establish its claim, as, indeed, CACH has come forward with that evidence.

The Court also believes that, although in *Delisi*, a default judgment was obtained in the underlying state collection suit, much of the court's reasoning in that case applies to the present case with equal force. As the court stated in *Delisi,*

> Even when construing the allegations in the light most favorable to [Plaintiff], the complaint merely suggests that when [Defendant] filed the state court suit, it did not have the evidence necessary to succeed at trial, and that [Defendant] hoped to obtain a default judgment or to succeed in its case without expending considerable resources. A plaintiff's desire, and any associated legal strategy, to obtain a favorable judgment as inexpensively or expeditiously as possible is not improper, nor is it a FDCPA violation. As the Eighth Circuit has explained, although the FDCPA applies to litigation collection efforts, care must also be taken to preserve the judicial remedies of creditors. *Hemmingse*n, 674 F.3d at 818.

*Delisi*, 2015 WL 4393901, at *7; *see also Rollins v. Midland Funding, LLC*, No. 4:14CV01976 ERW, 2015 WL 3506556, at *1 (E.D. Mo. June 3, 2015) (concluding that similar allegations failed to state a FDCPA claim).

With respect to Plaintiff's assertion that the Affidavit of Claim gives rise to a FDCPA claim, the Court first notes that courts do consider such affidavits as communications, for purposes of the FDCPA. *See Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 27-30 (6th Cir. 2007); *Delisi*, 2015 WL 4393901, at *5. Therefore, courts evaluate the statements contained in the affidavit the same as any other correspondence or communication from a debt collector, and hold those statements to the requirement that they not be false or misleading. *See Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 231 (4th Cir. 2007); *Eckert v. LVNV Funding LLC*, 647 F. Supp. 2d 1096, 1103 (E.D. Mo. 2009).

Here, however, the claim fails because Plaintiff has not plausibly established that the affidavit is false or misleading, even to the unsophisticated consumer. *See Delisi*, 2015 WL 4393901, at *5-6 (concluding that a similar challenge to a similar affidavit failed to state a claim because the plaintiff failed to plausibly establish that the affidavit was false); *Rollins*, 2015 WL 3506556, at *2 (same) (citing *Braden v. Wal-Mart Stores, Inc.*, 588. F.3d 585, 594 (8th Cir. 2009) (noting "some factual allegations may be so indeterminate that they require further factual enhancement in order to state a claim")); *Collins v. LVNV Funding, LLC*, No. 2:13-CV-135, 2014 WL 7335169, at *4 (E.D. Tenn. Dec. 19, 2014) (concluding that a similar affidavit was not misleading to the least sophisticated consumer) (citing *Clark v. Main Street Acquisition Corp.*, 553 F. App'x 510, 516 (6th Cir. 2014)).

Plaintiff's allegations related to CACH's representations about interest on the debt are confusing. It is not clear to the Court just how Plaintiff believes that CACH

inaccurately or deceptively represented the amount of the debt by the way it treated interest owed on the principal loan. Similar allegations have been found to fail to state a claim, and the Court so holds here. *See Eckert*, 647 F. Supp. 2d at 1104.

The Court has reviewed other cases, both in this District and other districts across the country, in which allegations and legal theories similar to those presented in the present case survived a motion to dismiss for failure to state a claim. *See, e.g., Hinten v. Midland Funding, LLC*, No. 2:13 CV 54 DDN, 2013 WL 5739035, at *7-10 (E.D. Mo. Oct. 22, 2013) (holding that assuming truth of allegation that "defendant could not have legally prevailed in these lawsuits from the time of their commencement," plaintiffs stated a claim for violation of § 1692e); *Kuria v. Palisades Acquisition XVI, LLC*, 752 F. Supp. 2d 1293, 1303 (N.D. Ga. 2010) (holding that the plaintiff's "allegations of [the defendant's] practice of filing coercive lawsuits to collect debts not actually owed could fall within the meaning of the phrase 'unfair and unconscionable' for purposes of stating a claim under section 1692f of the FDCPA").

However, Plaintiff has not cited, nor has the Court found, such a case in which the record included the very evidence the plaintiff alleged could not be obtained by the defendant, to prove that the money was in fact owed and that the defendant had in fact been assigned the debt. As noted above, the determination of whether a plaintiff states a claim under the FDCPA based on litigation conduct "is best decided on a case-by-case basis." *Hemmingsen*, 674 F.3d at 819. In this case, the Court concludes that CACH is entitled to judgment on the pleadings.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant CACH, LLC's motion for judgment on the pleadings is **GRANTED**. (Doc. No. 16.)

A separate Judgment shall accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2015.